IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAUREAN XAVIER PROCH,
    Plaintiff,

vs.                                      Case No.: 3:11cv502/RV/EMT

ROBERT R. DeROCHE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Plaintiff's letter to the clerk of court,[1] which the court treats as a notice of voluntary dismissal of the instant civil rights case filed pursuant to 42 U.S.C. § 1983 (doc. 29).

    Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment. Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

    Accordingly, it is respectfully **RECOMMENDED**:

    That Plaintiff's notice of voluntary dismissal (doc. 29) be **GRANTED** and this case be **DISMISSED without prejudice**.

    At Pensacola, Florida, this 7th day of March 2014.

                                          /s/ *Elizabeth M. Timothy*
                                          **ELIZABETH M. TIMOTHY**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1] The text of Plaintiff's letter, in its entirety, states: "Because I recently lost a substantial amount of legal documents needed to substantiate my claims in regards to the aforementioned action, and have no way to replace them, in the interests of judicial economy I hereby dismiss said claim(s)" (doc. 29). The letter also includes Plaintiff's name; inmate number; address; the date March 1, 2014; the case number of this action; the reference "Fed. R. Civ. P. 41 Dismissal"; and Plaintiff's signature (*id*.).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).